

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GABRIEL BRYANT AZIZ                                              PLAINTIFF

VS.                                          CIVIL ACTION NO. 3:17cv110DPJ-FKB

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY                                              DEFENDANT

_____

**Notice of Removal**

_____

TO:    Jan Hyland Daigre
       Circuit Court Clerk
       Post Office Box 351
       Vicksburg, Mississippi  39181-0351

       David M. Sessums
       Varner, Parker & Sessums, P.A.
       1110 Jackson Street
       Vicksburg, Mississippi  39183

You are hereby given notice that defendant The Lincoln National Life Insurance

Company ("Lincoln") has removed this action from the County Court of Warren County,

Mississippi to the United States District Court for the Southern District of Mississippi, Northern

Division. The bases for removal are set forth below:

1.

This action was filed in the Circuit Court of Warren County, Mississippi, bearing Civil

Action No. 17,0032-CO. On or after January 23, 2017, defendant Lincoln was served through

delivery of the Complaint to the Mississippi Insurance Department. On or after January 26,

2017, defendant Lincoln was served through delivery of the Complaint to Corporation Service

Company. Lincoln first received a copy of the initial pleading on or after January 26, 2017. A

copy of all process, pleadings, and orders served on defendant Lincoln is attached hereto as Exhibit A.

2.

The United States District Court for the Southern District of Mississippi, Northern Division, has original subject matter jurisdiction of this civil action pursuant to federal question, 28 U.S.C. § 1331. Plaintiff's claims relate to an employee welfare benefit plan established or maintained by an employer, for the purpose of providing benefits for the participants or beneficiaries of the plan. As such, plaintiff's exclusive remedy is provided by ERISA, 29 U.S.C. § 1001, *et seq. See* ERISA § 502(a)(1)(B) (codified at 29 U.S.C. § 1132(a)(1)(B)). This Court has federal question jurisdiction and the cause is removable under 29 U.S.C. §§ 1132(a) and 1144(a), and 28 U.S.C. §§ 1331, 1441, and 1442. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).

3.

This Court also has subject matter jurisdiction over this case pursuant to diversity of citizenship, 28 U.S.C. § 1332, because:

A) As admitted in the Complaint (¶ 1), Plaintiff is a citizen of the State of Mississippi. Plaintiff is not a citizen of Indiana or Pennsylvania. Defendant Lincoln is a corporation incorporated by the State of Indiana, with its principal place of business in Radnor, Pennsylvania, where its parent, Lincoln National Corporation, is incorporated. Lincoln has not been incorporated by any other state or foreign state. Lincoln is therefore a citizen solely of the states of Indiana and Pennsylvania for purposes of determining diversity of citizenship pursuant to 28 U.S.C. § 1332(c)(1). Complete diversity of citizenship thus exists between Plaintiff and Defendant.

B)  The Complaint demands judgment in an amount of "not exceeding $75,000 together with interest and all costs of this proceeding."  Nonetheless, the actual amount in controversy is more than $75,000, exclusive of interest and costs.  Plaintiff's Complaint asserts a claim by Plaintiff as a beneficiary of life insurance on the life of Plaintiff's mother, under an insurance policy issued by Lincoln.  In fact, Lincoln previously insured the life of Plaintiff's mother, and provided life insurance in the amount of $90,000 on her life. If Plaintiff is entitled to any payment at all from Lincoln for the life insurance proceeds, she is entitled to the full amount of the life insurance benefit of $90,000 exclusive of interest and costs.  Therefore, the amount in controversy is enough to establish diversity jurisdiction.

4.

Written notice of the filing of this Notice of Removal is being served upon Plaintiff's counsel and the Circuit Clerk of Warren County, Mississippi.  A copy of the complete state court file, including all process and pleadings from the state court action, will be promptly filed in accordance with this Court's electronic case filing procedures.

5.

Venue is proper in the United States District Court for the Southern District of Mississippi, Northern Division, because the state court in which the case was filed (the County Court of Warren County, Mississippi) is within such district and division.

6.

Defendant reserves the right to amend or supplement this Notice of Removal, and defendant reserves all defenses.

7.

The removing defendant is not a citizen of the State of Mississippi.

3

WHEREFORE, defendant files this notice of removal and hereby removes this civil

action to the United States District Court for the Southern District of Mississippi, Northern

Division. Plaintiff is notified to proceed no further in state court unless or until the case should

be remanded by order of said United States District Court.

Respectfully submitted, this the 17th day of February, 2017.

THE LINCOLN NATIONAL LIFE INSURANCE
COMPANY

By: _William F. Ray_____
William F. Ray

OF COUNSEL:

William F. Ray (MSB No. 4654)
WATKINS & EAGER PLLC
400 East Capitol Street
Jackson, Mississippi 39201
Post Office Box 650
Jackson, Mississippi 39205
Telephone:    (601) 965-1900
Facsimile:    (601) 965-1901
Email: wray@watkinseager.com

4

## CERTIFICATE OF SERVICE

I, William F. Ray, attorney for defendant The Lincoln National Insurance Company, do hereby certify that I have this day served a true and correct copy of the above and foregoing document via U.S. Mail, postage prepaid upon:

Jan Hyland Daigre
Circuit Court Clerk
Post Office Box 351
Vicksburg, Mississippi  39181-0351

David M. Sessums
Varner, Parker & Sessums, P.A.
1110 Jackson Street
Vicksburg, Mississippi  39183

This the 17th day of February, 2017.

William F. Ray

5